|     |     |
| --- | --- |
| UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON<br>AT TACOMA | |
| CARL A. BROOKS,<br><br>      Plaintiff,<br><br>  v.<br><br>INDETERMINATE SENTENCING<br>REVIEW BOARD et al.,<br><br>      Defendants. | CASE NO. C12-5583 RJB-JRC<br><br>ORDER TO FILE AN AMENDED COMPLAINT |

  The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge, J. Richard Creatura. The authority for the referral is 28 U.S.C. § 636(b) (1) (A) and (B), and local Magistrate Judge Rules MJR3 and MJR4.

  Plaintiff is alleging that his parole hearings over a number of years have been a pretense and that the state entities he names as defendants intend to keep him incarcerated until he dies. Plaintiff names as defendants three state entities -- the Indeterminate Sentence Review Board, the Department of Corrections, and the Attorney General's Office. He does not name a person as a defendant.

ORDER TO FILE AN AMENDED COMPLAINT - 1

1     The civil rights act allows for suit against a person who acts under color of state law and deprives another of a constitutional right. Parratt v. Taylor, 451 U.S. 527, 535 (1981) (overruled in part on other grounds); Daniels v. Williams, 474 U.S. 327, 330-31 (1986). Neither states nor state officials acting in their official capacities are "persons" for purposes of 42 U.S.C. § 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). Section 1983 claims against states, therefore, are legally frivolous. See Jackson v. Arizona, 885 F.2d 639, 641 (9th Cir. 1989). This rule applies equally to state agencies. See Kaimowitz v. Board of Trustees of the Univ. of Ill., 951 F.2d 765, 767 (7th Cir. 1991); Johnson v. Rodriguez, 943 F.2d 104, 108 (1st Cir. 1991). A governmental agency that is an arm of the state is not a "person" for purposes of § 1983. See Howlett v. Rose, 496 U.S. 356, 365 (1990); Flint v. Dennison, 488 F.3d 816, 824-25 (9th Cir. 2007).

    Further, plaintiff may not challenge the length or duration of his confinement in a civil rights action. If a petitioner is challenging the very fact or duration of physical imprisonment, and the relief sought will determine whether petitioner is or was entitled to immediate release or a speedier release from that imprisonment, petitioner's sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

    The United States Supreme Court held that "[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 487 (1994). The Court added:

> Under our analysis the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen. . . . [A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.

1 | Id. at 489.  "[T]he determination whether a challenge is properly brought under § 1983 must be
2 | made based upon whether 'the nature of the challenge to the procedures [is] such as necessarily
3 | to imply the invalidity of the judgment.' Id.  If the court concludes that the challenge would
4 | necessarily imply the invalidity of the judgment or continuing confinement, then the challenge
5 | must be brought as a petition for a writ of habeas corpus, not under § 1983." Butterfield v. Bail,
6 | 120 F.3d 1023, 1024 (9th Cir. 1997) (*quoting* Edwards v. Balisok, 520 U.S. 641 (1997)).

7 |      The Court orders plaintiff to file an amended complaint curing these defects if possible.
8 | The amended complaint will be titled "First Amended Complaint."  Plaintiff must file this
9 | document on or before August 10, 2012. Failure to file a first amended complaint or the filing of
10 | a document that fails to cure the defects listed in this order will result in a Report and
11 | Recommendation that this action be dismissed for failure to state a claim with the dismissal
12 | counting as a third strike pursuant to 28 U.S.C. § 1915 (e) and (g).

13 |      Dated this 6th day of July, 2012.

_J. Richard Creatura_
J. Richard Creatura
United States Magistrate Judge