UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CARL A. BROOKS,<br><br>   Plaintiff,<br><br>   v.<br><br>INDETERMINATE SENTENCING REVIEW BOARD, et. al.,<br><br>   Defendants. | CASE NO. 12-5583 RJB/JRC<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation of U.S. Magistrate Judge J. Richard Creatura. Dkt. 13. The Court has considered the Report and Recommendation, objections, and the record herein.

The Report and Recommendation contains the facts and procedural history (Dkt. 13, at 1-2) and they are adopted here by reference. The Report and Recommendation recommends dismissal of this case, without prejudice, because the claims asserted are barred by *Heck v. Humphrey,* 512 U.S. 477, 487 (1994). Dkt. 13. (The Report and Recommendation notes that Plaintiff's various pleadings have made it difficult to ascertain who precisely the Defendants are,

ORDER ADOPTING REPORT AND
RECOMMENDATION- 1

even though Plaintiff was directed to, and did file, an amended complaint.)  In any event, it further recommends that the dismissal not be counted as a strike under 28 U.S.C. § 1915(g) because no adjudication on the merits was made.  *Id.*  Lastly, the Report and Recommendation recommends that the Plaintiff's *in forma pauperis* status be revoked for purposes of appeal.  *Id.*

Plaintiff files objections and argues that the named defendants are clear.  Dkt. 17.  Plaintiff then argues that:

> All Defendant officials are being sued in their officials [sic] and private capacities for each one's participation, directly and/or indirectly in the conspiracy with unidentified informant inmates and named inmates or cell mates of Brooks to pretend to have RCW 9.95.052 authority to make a poor rehabilitation prospects findings [sic] that are sexually degrading to Brooks and other black inmates, and making false claims that Brooks is a Sexual Psychopath and Seriously Mentally Ill offender (SMIO), and anual [sic] rapist of McElroy and Shaw, and threatens to commit other anual [sic] rapes on inmates, thus Brooks is in need of Sexual Offender Treatment Program (SOTP) at Twinn [sic] Rivers Corrections Center (TRCC).

*Id.*  He argues that these Defendants' "actions" have "resulted in person injury to Brooks' liberty of mind and physical safety" and constitutes cruel and unusual punishment.  *Id.*  He further asserts that he cannot participate in the rehabilitation programs because of the findings that he is a poor rehabilitation candidate.  *Id*.  Plaintiff argues that the Defendants and "inmate conspirators' . . . false anal rape and attempt to commit anal rape disciplinary and classification guilt findings" "withstand" the Report and Recommendation.  *Id*.  He makes reference to juvenile proceedings.  *Id.*.  He argues that the Defendants should be barred from making prospective findings that impact his future good time credits.  *Id.*  Plaintiff, lastly, identifies other "black inmates who are apart of Brooks' class" and requests that the case be "designated" as a class action.  *Id.*

The Report and Recommendation (Dkt. 13) should be adopted and the case dismissed without prejudice.  Plaintiff's objections do not provide a basis not to adopt the Report and

1 Recommendation.  Aside from the confusion over precisely who are defendants here, Plaintiff's
2 proposed amended complaint asserts that "defendants" have made a "degrading poor
3 rehabilitation prospect finding by administrative progress reviews" against him in order to
4 increase or "refuse to lower" his discretionary 90 year minimum sentence.  Dkt. 7.  He seeks not
5 only monetary relief, but an injunction prohibiting Department of Corrections officials from
6 making any prospective "poor rehabilitative prospects" findings against Plaintiff.  *Id.*  Plaintiff
7 asserts that such a finding impacts the duration of his confinement.  *Id.*  These claims are barred
8 by *Heck v. Humphrey,* 512 U.S. 477, 487 (1994).  To the extent that Plaintiff argues that his good
9 time credit should be restored to him, his claims are also barred by *Heck.*  To the extent that he
10 argues that the findings resulting from his disciplinary proceedings keep him from participating
11 in certain programs, and that participation in those programs would help reduce his sentence, his
12 claims are barred by *Heck.*  Further, because there are no viable claims stated, Plaintiff's motion
13 to have the case certified as a class action should not be granted.  The Report and
14 Recommendation should be adopted, the case dismissed without prejudice and the dismissal
15 should not be counted as a strike.  Plaintiff's *in forma pauperis* status should be revoked.  If
16 Plaintiff chooses to appeal this order, any such appeal would not be taken in good faith under 28
17 U.S.C. § 1915(a)(3).

18          Accordingly, it is **ORDERED**:

19      • The Report and Recommendation (Dkt. 42) is **ADOPTED**;

20      • The case is **DISMISSED WITHOUT PREJUDICE;** and

21      • Plaintiff's *in forma pauperis* status is **REVOKED,** any appeal would not be taken
22          in good faith under 28 U.S.C. § 1915(a)(3).

23

24

1 | The Clerk is directed to send uncertified copies of this Order to Judge Creatura, all
2 | counsel of record and to any party appearing *pro se* at said party's last known address.
3 | Dated this 11th day of October, 2012.

> *[signature: Robert J. Bryan]*
>
> ROBERT J. BRYAN
> United States District Judge

ORDER ADOPTING REPORT AND
RECOMMENDATION- 4